## Richmond.

### PORTER v. CHRISTIAN.

January 28th, 1892.

APPEAL—*Review*—*Commissioners' decisions.*—A question of amount of pay-ments is decided by a commissioner upon conflicting evidence, and his decision is confirmed by the trial court;

HELD:

> This court will not reverse unless error is obvious or the result is reached without or clearly against evidence.

Appeal from decree of corporation court of city of Lynch-burg, rendered July 11th, 1889, in a chancery cause wherein John H. Christian, receiver, was complainant, and Joseph Por-ter was defendant. The decree being in favor of complainant, the defendant appealed. Opinion states the case.

*Thomas N. Williams,* for appellant.

*Frank P. Christian,* for appellee.

LACY, J., delivered the opinion of the court.

The substance of this controversy is that the appellant became the purchaser at a judicial sale made by the appellee in the suit of *Hall* v. *Thompson,* of certain lands sold in that suit by the said appellee or by some other person acting under the orders of the court, not disclosed by the transcript, which is of extracts from the proceedings below only. This purchase was made

some time before the year 1869, and subsequently a decree was rendered for this purchase-money, and in 1874 suit was instituted by Christian, receiver, in the circuit court of Amherst county to subject certain lands situated in that county to the lien of a decree rendered for the balance of the purchase-money due by the appellant for the land purchased in the *Hall* v. *Thompson* suit in the corporation court of Lynchburg.

This suit was pending in the circuit court of Amherst county for some years, and decrees were rendered to subject the lands of the defendant to the debt, and the said land was rented out to pay the same, but these proceedings proved unavailing; a decree was rendered for the sale of the land, and in April, 1879, on the motion of the parties, and for good cause shown, as the order states, the cause was removed to the corporation court of Lynchburg. At the July term following the said cause was consolidated with the cause of *Hall* v. *Thompson*, out of which it had issued, and with six others, probably the offspring of the same cause, and in these eight causes, now made one, it was referred to a commissioner to take accounts and make reports of the state of the fund, &c., the purchasers, their payments, the commissioners, their receipts, and disbursements, &c.

The appellant demurred and answered, and moved the court to annul the order made before at the July term, 1879, consolidating the case of *Christian, Receiver* v. *Porter*, with *Hall* v. *Thompson*, and other causes; but the court, by decree in the cause, being of opinion that all the proceeds of sale theretofore made in *Hall* v. *Thompson*, as well as those that had been collected, as those outstanding and unpaid, properly belong to the same fund, which is to be administered in the said last-mentioned cause, and are properly consolidated with that cause, overruled the motion, and made an order consolidating three other causes of the same sort with the said principal cause. This decree was rendered July, 1880, and the report of the receiver being in, the court decreed the balance due by Porter, subject to certain credits and costs, directed further accounts,

and appointed John H. Christian receiver in *Hall v. Thompson*, and the other causes consolidated therewith in the lieu and stead of Edward D. Christian, former receiver, who asked to be removed, to collect all debts, bonds, and claims due to the fund in these causes.

The Commercial bank came in by petition and set up a lien against Porter's real estate, and was admitted as a party plaintiff, and the suit proceeded to the several ends sought, Subsequently, Porter, upon the ground that the extracts of the decree upon which E. D. Christian, receiver, had instituted suit in Amherst circuit court was indefinite and invalid, moved, successfully, that the bill of E. D. Christian, receiver, be dismissed with costs, and E. D. Christian, receiver, went out of court; but the validity of the debt due by Porter was not thus impaired, a decree having been rendered as stated in the case of *Hall v. Thompson*, and decreeing its payment and appointing John H. Christian a receiver to collect it. Upon a subsequent reference to Commissioner Wilson, the claim against Porter was proved and reported, and subsequently allowed by the court. The controversy was long sustained by Porter, his claim being that he had paid sums that had not been allowed him to E. D. Christian, receiver. Mr. Bocock, the commissioner, says in his report, made April 1, 1880, "that he has tried faithfully to find out how much money Joseph Porter, the purchaser of four lots, part of the real estate in *Hall v. Thompson*, has paid over to E. D. Christian; that there is so much conflict in the statements of Porter and Christian as to render it perfectly impossible for him to state what amount Porter has paid, and he reports the case to the court with the evidence, and recommends that a jury be impaneled, and an issue tried by them to ascertain what money Porter has paid in part of his purchase money."

There was no order for the issue out of chancery, and the court proceeded in the cause, and by decree, in February, 1881, awarded rules against the defaulting purchasers.

There was a farther decree for a reference to Commissioner Wilson, and the final balance ascertained; and in the case of Porter, his land was sold, and the purchaser put in possession, and the sheriff ordered to eject Porter, in 1889, and Porter thereupon appealed.

The sole controversy, so far as the appellant (Porter) is concerned, is as to the amount of the purchase-money paid by him. This court cannot undertake to reverse the decree of the corporation court upon any view of the case. (1) The decree against the appellant for the disputed claim is $326.89, as of August 2d, 1883, and is less than $500, the jurisdictional amount involved. (2) There are no commissioner's accounts brought up in the transcript by which the court can consider and determine the accuracy of the amount. (3) The conflict between the chief witnesses having been considered and heard by the commissioner and the court, and the question decided, this court cannot determine the weight of the evidence nor the credibility of witnesses, and must of necessity leave the question where it is placed by the trial court. It has been often said by this court that, in considering questions raised here on appeal, where the evidence is conflicting and the witnesses contradict each other, the commissioner who took the account was confronted with the witnesses. He saw their deportment, manner of testifying, capacity for recalling and accurately detailing past occurrences; whereas the court, which only sees the testimony on paper, is denied the opportunity of applying these obvious tests of accuracy and fidelity. When, therefore, a question of fact is referred to a commissioner, depending upon the testimony of witnesses, conflicting in their statements and differing in their recollection, the court must, of necessity, adopt this report, unless in a case of palpable error, as when conflicting statements are made, there is no safe method by which this court can decide between conflicting statements seen on paper. While this court will not shut its eyes and refuse to consider legal evidence, it will not undertake to pass upon the credi-

bility of witnesses, or the weight of conflicting testimony, and reverse the trial court except when the error is palpable and obvious and the result arrived at is without evidence to support it, or plainly against the evidence. In this case the decision of the court does not appear to be obnoxious to any criticism. Porter claimed to have paid numerous sums of money. The receiver gave him credit for the same amounts at the time, but not for all claimed by Porter. Porter claimed to have had receipts for his alleged payments, but they were lost, he says—*blown out of the window and destroyed.* The court below thought Porter was mistaken in his claims. Mr. Christian distinctly denied them ; and, to say the least, there was a failure on the part of Porter, on whom the burden was, to prove his payments by a preponderance of testimony; and the commissioner and the court below were not convinced. The delay has been long and tedious in this effort—these many efforts—to compel the appellant to comply with his contract, made more than twenty years ago, and if any injustice or injury has befallen him it has been brought about by his own conduct.

The appeal must be dismissed as improvidently awarded.

DECREE AFFIRMED.